UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

**FILED**

**01/30/2024**

**U.S. DISTRICT COURT**
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

Robert Dunn,                        )
       Plaintiff,              )
                 )
    v.                          )    No.           2:24-cv-32-JMS-MG
                 )
Centurion Health of Indiana LLC,    )
Dr. Naveen Rajoli,                  )
Dr. Samuel Byrd,                    )
Barbara Riggs                       )
       Defendants.             )

## PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. §1983

**COMES NOW**, Robert Dunn, Plaintiff, *pro se*, who files his Complaint and complains of the Defendants, and for his cause of action alleges and says as follows:

## I.    PRELIMINARY STATEMENT

This is a civil rights action brought by Robert Dunn, a state prisoner, for declaratory and injunctive relief as well as damages under 42 U.S.C. § 1983, alleging the delay and/or denial of adequate medical care for serious medical needs in violation of Indiana Law and the Eighth Amendment to the United States Constitution.

## II.    JURISDICTION AND LIABILITY

1.    The District Court has jurisdiction over this cause pursuant to **28 U.S.C. §1333**, which grants federal district courts original jurisdiction over cases arising under the Constitution, laws or treaties of the United States. The jurisdiction of the court over the state-law claims is based on the supplemental jurisdiction statute, **28 U.S.C. §1367(a)**, which extends the jurisdiction of federal district courts to all claims that are sufficiently related to the claim or claims on which their

original jurisdiction is based to be part of the same case or controversy within the meaning of Article III of the Federal Constitution.

### III.  PARTIES

2.      Plaintiff Robert Dunn [hereinafter "Dunn"] at all times relevant to this action was confined at the Wabash Valley Correctional Facility [hereinafter "Wabash"], when the violations of his Eighth Amendment rights occurred, as stated below in the complaint. Wabash is located at 6908 S. Old US Hwy 41, Carlisle, In. 47838.

3.      Defendant Centurion Health of Indiana, LLC [hereinafter "Centurion"], at all times relevant to this action is the duly contracted Health Care Provider for the Indiana Department of Correction and Wabash.  Defendant Centurion is located at 550 N. Meridian St., Suite 101, Indianapolis Indiana, 46204, and is defined as a person under **42 U.S.C. § 1983**, liable for the violation of federally protected rights while acting under color of state law. Further, at all times relevant to this cause, Defendant Centurion was directly responsible for the medical needs of Dunn while he was incarcerated at Wabash, because they are the exclusive contract provider for medical services for all correctional facilities managed by the Indiana Department of Correction. Centurion is registered in the State of Indiana and operates under color of state law. In addition, Defendant Centurion is also responsible for the acts and omissions of its employees taken in the scope of their employment. Further, at all times relative to this cause of action Defendant Centurion while acting individually, under color of state law deprived Dunn of his federally protected rights.

4.      Defendant nurse Cupp [hereinafter "Cupp"] is a nurse licensed by the State of Indiana, and was at all relevant times to this action employed by Defendant Centurion Health of Indiana LLC to provide medical care and treatment to inmates at the Wabash Valley Correctional

2

Facility. At all relevant times, Defendant Cupp was acting under color of state law, within the scope of her authority and employment, and was an agent of Centurion Health of Indiana LLC and an indirect agent of the Department of Corrections. Cupp can be located at 6908 S. Old US Hwy 41, Carlisle, In. 47838 or through Centurion Health of Indian LLC, 550 N. Meridian St., Ste. 101, Indianapolis, In 46204.

5.     Defendant Barbara Riggs [hereinafter "Riggs"] is a nurse licensed by the State of Indiana, and was at all relevant times to this action employed by Defendant Centurion Health of Indiana LLC to provide medical care and treatment to inmates at the Wabash Valley Correctional Facility. At all relevant times, Defendant Riggs was acting under color of state law, within the scope of her authority and employment, and was an agent of Centurion Health of Indiana LLC and an indirect agent of the Department of Corrections. Riggs can be located at 6908 S. Old US Hwy 41, Carlisle, In. 47838 or through Centurion Health of Indian LLC, 550 N. Meridian St., Ste. 101, Indianapolis, In 46204.

6.     Defendant Dr. Naveen Rajoli [hereinafter "Rajoli"] is a doctor licensed by the State of Indiana, and was at all relevant times to this action employed by Defendant Centurion Health of Indiana LLC to provide medical care and treatment to inmates at the Wabash Valley Correctional Facility. At all relevant times, Defendant Rajoli was acting under color of state law, within the scope of his authority and employment, and was an agent of Wexford Health Sources Inc., Wexford of Indiana, LLC, and Centurion Health of Indiana LLC and an indirect agent of the Department of Corrections. Rajoli can be located at 6908 S. Old US Hwy 41, Carlisle, In. 47838 or through Centurion Health of Indian LLC, 550 N. Meridian St., Ste. 101, Indianapolis, In 46204.

7.    Defendant Samuel J. Byrd [hereinafter "Byrd"] is a doctor licensed by the State of Indiana, and was at all relevant times to this action employed by Defendant Centurion Health of Indiana LLC to provide medical care and treatment to inmates at the Wabash Valley Correctional Facility. At all relevant times, Defendant Samuel J. Byrd was acting under color of state law, within the scope of his authority and employment, and was an agent of Centurion Health of Indiana LLC and an indirect agent of the Department of Corrections. Byrd can be located at 6908 S. Old US Hwy 41, Carlisle, In. 47838 or through Centurion Health of Indian LLC, 550 N. Meridian St., Ste. 101, Indianapolis, In 46204.

## IV.   <u>NATURE OF CLAIM</u>

8.    All of the Defendants, individually and in their official capacity, acting singular and in conspiracy, engaged in conduct toward achieving deprivation of Dunn's federally protected rights, under color of state law, and further violated the Indiana Constitution. This conduct was to minimize and/or ignore Dunn's complaints of symptoms and to give Dunn the runaround, therefore delaying and/or denying Dunn access to a soy-free diet while he was incarcerated at Wabash. The Defendants knew of a substantial risk of harm [because the medical need was so obvious] to Dunn, and the Defendants recklessly disregarded it. This resulted in pain and injury to Dunn, to wit: Dunn has an intolerance to soy and products containing soy which causes him several stomach pain and diarrhea. Each Defendant had a duty and responsibility to give Dunn adequate medical care and treatment when the medical issue was obvious enough that even a lay person would believe that it required medical treatment, and each Defendant took an active part in denying Dunn a soy-free diet.

4

9.    Additionally, Defendant Centurion appears to have a widespread custom, practice, and policy, whereby they refuse to give appropriate medically necessary diets to incarcerated offenders at Wabash in order to save money for their client [IDOC] and to save money for Centurion itself and work for Centurion employees, which denies Dunn, and all incarcerated offenders at Wabash treatment for their serious medical needs. This resulted in pain and injury to Dunn, and others incarcerated at Wabash. These widespread custom, practice, and policy, by Defendant Centurion represents a disregard, and total indifference of the federally protected rights of Dunn, and others incarcerated at Wabash justifying an award of punitive damages in addition to any actual and compensatory damages that Dunn is entitled to recover.

## V.    BACKGROUND

10.    In February of 2000, Dunn was diagnosed with HIV by Dr. Christine Balt at Eskenazi Hospital in Indianapolis Indiana.

11.    Dunn was arrested on December 18, 2018 and after sentencing was sent to Wabash Valley Correctional Facility [hereinafter "Wabash"] in February 2019.

12.    Dunn's symptoms relating to the consumption of soy and soy containing foods served on the facility meal trays started almost immediately. The symptoms included severe stomach pains, severe gas, and diarrhea, and accidents in his pant in front of other inmates. Dunn could rarely participate in recreation due to having to stay close to bathroom at all times.

13.    Dunn had to start supplementing his food intake with food purchased form commissary as the Wabash Medical staff refused to provide a soy-free diet. Dunn also supplemented his diet with meat and vegetables he bought off of other inmates who worked in the kitchen.

5

14.     All of the protein [meat] portions of all of the regular food trays served at Wabash are either entirely made of soy or at least 50% soy protein is added to the meat. Which means when an inmate is told by medical staff to avoid eating soy or to "eat around" the soy on the trays he or she has to eliminate all protein from his diet which is completely unhealthy.

## VI.    STATEMENT OF FACTS TO CLAIM

15.     On September 18, 2021, in response to Health Care Request Form [hereinafter "HCR"] #516985, Dunn was seen by nurse Firestone. Dunn explained to Firestone that he could not eat soy containing foods on the food tray's that were served in the facility chow hall because it caused him severe watery diarrhea and stomach pains. Dunn also explained to nurse Firestone that severe diarrhea could cause him not to be able to absorb the lifesaving medications he needed for the treatment of his HIV. Nurse Firestone told Dunn that he would get used to the food after a couple months.

16.     On September 29, 2021 Dunn was seen by a nurse Cupp about his concerns and symptoms related to eating food that contained soy that was served on the trays at all meals. Dunn explained to nurse Cupp that the symptoms of severe stomach pain and severe diarrhea only happened after he ate the food on the meal trays that contained soy. Dunn also explained how he couldn't go to recreation due to needing to stay near a bathroom.

17.     Nurse Cupp told Dunn that there was nothing she could do for him and that his diet would not be changed. Cupp went on to state that Dunn would have to lose at least 1/6 of his body weight for it to be considered serious enough to change his diet. Dunn explained that was not acceptable with his health conditions, specifically his HIV. Nurse Cupp replied, "You will

just have to eat around the soy then." When Dunn told nurse Cupp that was a decision only a doctor should make, Cupp told him that she would refer Dunn to the doctor.

18.    On October 28, 2021, after submitting three (3) more HCR, Dunn was seen by a nurse Barbara Riggs [hereinafter "Riggs"]. When Dunn explained the symptoms [severe stomach pains, severe gas, and diarrhea, and accidents in his pant in front of other inmates] he was experiencing after eating soy containing food from the trays that were served, nurse Riggs told him that the symptoms were normal. Dunn told Riggs that the only way he was able to keep weight on was from supplementing his diet with food items available from the inmate commissary. Dunn also explained to Riggs that he couldn't go to recreation due to needing to stay near a bathroom and how it was affecting his daily life.

19.    Nurse Riggs stated, "You will just have to suffer through and get over the 'side effects' by eating the soy for a few months." Dunn replied that he needed to see a doctor about this issue because the decision to deny him a soy-free diet was a medical decision that only a doctor should make, especially given his medical history.

20.    On November 3, 2021 Dunn was seen for a chronic care visit by Dr. Rajoli. After Dunn explained to Rajoli the symptoms he experienced after he ate food that contained soy from the trays served [and about the humiliating accidents he was having in front of inmates], Rajoli stated, "Eat around the soy then or get a religious diet." Dunn explained to him that it was impossible to eat around the soy and the religious diets contained even more soy. Dunn also explained to Rajoli that he couldn't go to recreation due to needing to stay near a bathroom and how it was affecting his daily life due to the mental distress.

21.    Dunn went on to explained to Rajoli that when he was having diarrhea all the time then his body was no properly absorbing his HIV medications that he was taking, which could

allow the virus to make a resurgence and could be life threatening. Rajoli told Dunn that there

was no test for soy allergies and that there was not a soy-free diet available. When Dunn tried to

press his concerns Rajoli stated that there was nothing he could do for him and the wasn't going

to argue with him.

22.    On November 7, 2021 Dunn submitted Grievance #134739 complaining that the

soy containing food that was served on the food trays was causing him severe gas, severe

diarrhea and severe stomach pains. Dunn also stated that Rajoli denied him a soy-free diet by

stating that there were no soy allergy tests, no soy-free diet available and that he recommended

that Dunn get on a religious diet which contains more soy than the regular diet. This grievance

was denied and exhausted.

23.    On December 29, 2021 Dunn submitted Grievance # 01-03-22 complaining about

a visit he had with nurse Bobby Riggs wherein he tried to obtain a soy-free diet. Dunn explained

in the grievance that he had relayed the symptoms of severe stomach pains and diarrhea after

eating soy containing foods on the trays served in the chow hall but that Riggs told him he had to

suffer through it for three (3) months.

24.    On January 17, 2022, after sending in HCR#548401, Dunn was seen by a nurse

Auler for his serious medical issues relating to eating soy containing foods. Dunn explained all

of the symptoms [severe stomach pains, severe gas, severe diarrhea, and accidents in his pants]

that he had previously told the other doctors and nurses and requested a soy-free diet. Nurse

Auler dismissed Dunns' complaints and told him that his symptoms were due to his medications

not the soy. Dunn explained that it only happened on days that he ate the portions of the trays

that contained soy and therefore couldn't be the medications.

25.    Nurse Auler told Dunn that he was not losing weight so the diarrhea couldn't be that bad. When Dunn explained that he was able to supplement his diet with commissary purchases Auler accused Dunn having an excuse for everything and that he was being uncooperative so there is nothing she could do for him. Nurse Auler then told Dunn to leave.

26.    On January 19, 2022, Dunn submitted Grievance# 137896 after he received a copy of his electronic medical records [EMR] from his last visit with Dr. Rajoli, stating that Dr. Rajoli had falsified his medical records by minimizing the symptoms that Dunn relayed to him concerning how the soy was causing him to experience severe stomach pains, severe gas, and diarrhea, and accidents in his pant in front of other inmates. Dunn also grieved that Dr. Rajoli falsified his medical records because he did not question Dunn on any of the assessments questions that he documented that he did, nor did he do any physical exam on Dunn. This grievance was denied all the way through the process.

27.    On February 1, 2022 Dunn was seen for a chronic care visit by Dr. Byrd. Dunn relayed all of the same symptoms [severe stomach pains, severe gas, and diarrhea, and accidents in his pant in front of other inmates] he experienced when he consumed soy containing products on the trays served in the chow hall and requested a soy-free diet. Dunn also explained to Dr. Byrd that he couldn't go to recreation due to needing to stay near a bathroom and how it was affecting his daily life due to the mental distress. Dr. Byrd responded that Dunn's symptoms didn't sound like food allergies but more of an intolerance, despite medical literature on food allergies that list severe stomach pains and diarrhea as food allergy symptoms. Dr. Byrd stated that he did not provide diets for intolerance.

28.    Dunn explained to Dr. Byrd that with him having so much severe diarrhea, meaning his body likely could not properly absorb his HIV medications, that it might lead to his

levels going back up. Dunn also relayed to Dr. Byrd that his HIV specialist Denise Walker recommended a no-soy diet because of the diarrhea it was causing and the likelihood that his body was not absorbing his HIV medications.

29.     Dr. Byrd stated that since ordering commissary foods seem to be working to keep doing that and that he would order a soy-allergy test. Dr. Byrd explained that on commissary soy-free products were labeled with an "S" in front on them [this is actually untrue as the commissary labels are inaccurate because there are non-soy containing products labeled with the "S" and products that don't have soy in them not having the "S" indicator]. Dunn explained that he couldn't afford to sustain supplementing his diet with commissary purchases.

30.     On February 11, 2022 Dunn submitted a Grievance after seeing his specialist on February 9, 2022, and relaying to her that Dr. Byrd told him to supply his own food because he would not prescribe him a soy-free diet. Dunn included in the grievance that he had relayed to the specialist all the symptoms he was having after consuming soy containing products. After relaying that soy caused him to experience severe stomach pains, severe gas, and diarrhea, and accidents in his pant in front of other inmates the specialist agreed that he needed a soy-free diet.

31.     The above referenced Grievance was not filed or processed with Grievance Specialist T. Wellington stating, "Dietary issues have already been address with you." This is a newer novel approach by the grievance department to frustrate inmates at Wabash into giving up on their grievance. Putting a response on the return of grievance form instead of allowing the grievance to proceed where an inmate can get a formal answer [under the penalties of perjury] from the individual responsible for the grievance issue is not normal or proper grievance procedure but a gimmick by T. Wellington and his staff to thwart grievances.

10

32.    Dunn sent the return of grievance back to T. Wellington within the allowed five

(5) business days wherein he advised Wellington that his diet concerns and issues were not being

treated or addressed. Dunn requested that the grievance be processed by T. Wellington.

33.    On February 18, 2022 T. Wellington sent the return of grievance form back to

Dunn with "Decision Stands" written on it.

34.    On May 8, 2022, Dunn was seen by Dr. Byrd. At this visit Dr. Byrd told Dunn

that he showed no signs of a soy allergy and there was no way for him to change his diet. Dunn

relayed to Dr. Byrd that when he was seen by his specialist, that she did not recommend that he

continue on the regular diet that contains soy, nor that Dunn should be forced to lose 1/6th of his

body weight before Dr. Byrd could change his diet. Dr. Byrd responded, "There is nothing I can

do for you. You will just have to figure it out on your own."

35.    On May 25, 2022, Dunn was seen by nurse Barbara Riggs for nurse sick call in

response to HCR#547588. Dunn relayed to nurse Riggs the symptoms [severe stomach pains,

severe gas, and diarrhea, and accidents in his pant in front of other inmates] he experienced when

he consumed soy and requested a soy-free diet. Dunn also relayed to nurse Riggs that because of

his severe diarrhea he was afraid that his body was not going to properly absorb his HIV

medications and it may allow his HIV to

36.    Nurse Barbara Riggs responded to Dunn's request for a soy-free diet, "There are

no exceptions. If you are not allergic to soy you will just have to suffer through it."

37.    On August 4, 2022, Dunn was seen by Dr. Byrd for a chronic care visit. Dunn

asked Dr. Byrd to review his medical records and the notes made by his specialist which

recommend a diet change and her concerns how the current diet could cause negative effects to

Dunn's health.

38.    Dr. Byrd opened the specialist notes generated by Denise Walker in front of Dunn, pointed them out to his LPN who was standing nearby, and stated, "You see this? We have to change his diet."

39.    Approximately two (2) weeks later Dunn finally received a soy-free diet.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40.    Dunn exhausted the administrative remedies through the grievance process. On previous and subsequent attempts to grieve the same lack of medical treatment by medical staff, Dunn was blocked from completing the grievance process by T. Wellington and S. Crichfield.

## VI.    LEGAL CLAIMS

41.    Dunn reiterates and incorporates by reference each and every allegation hereto fore set forth as a part hereto.

### CLAIM I
### VIOLATION OF TITLE 42 U.S.C. § 1983,

### EIGHTH AMENDMENT

42.    Defendant Centurion was deliberately indifferent to Dunn's serious medical needs because Centurion knowingly denied Dunn medical treatment by having a custom, practice, and/or policy wherein they deny soy-free diets for inmates [including Dunn] who have a serious soy intolerance instead of a soy allergy. Centurions denial caused Dunn substantial harm and pain and greatly affected his daily life.

43.    Defendant nurse Cupp was deliberately indifferent to Dunn serious medical needs during the timeframes relevant to the instant complaint by minimizing and/or ignoring Dunn complaints of symptoms from when he consumed soy containing foods. Moreover, Defendant

Cupp left Dunn in severe pain / discomfort, by denying him a soy-free diet, which greatly affected Dunn life. This constitutes illegal punishment, intentional, wanton, and malicious conduct, and is indicative of this Defendants' total disregard of and deliberate indifference to the Constitutional rights of Dunn, violating the Eighth Amendment rights of Dunn to be free from Cruel and Unusual Punishment.

44.    Defendant nurse Barabara Riggs was deliberately indifferent to Dunn serious medical needs during the timeframes relevant to the instant complaint by minimizing and/or ignoring Dunn complaints of symptoms from when he consumed soy containing foods. Moreover, Defendant Riggs left Dunn in severe pain / discomfort, by denying him a soy-free diet, which greatly affected Dunn life. This constitutes illegal punishment, intentional, wanton, and malicious conduct, and is indicative of this Defendants' total disregard of and deliberate indifference to the Constitutional rights of Dunn, violating the Eighth Amendment rights of Dunn to be free from Cruel and Unusual Punishment.

45.    Defendant Dr. Naveen Rajoli was deliberately indifferent to Dunn serious medical needs during the timeframes relevant to the instant complaint by minimizing and/or ignoring Dunn complaints of symptoms from when he consumed soy containing foods. Moreover, Defendant Rajoli left Dunn in severe pain / discomfort, by denying him a soy-free diet, which greatly affected Dunn life. This constitutes illegal punishment, intentional, wanton, and malicious conduct, and is indicative of this Defendants' total disregard of and deliberate indifference to the Constitutional rights of Dunn, violating the Eighth Amendment rights of Dunn to be free from Cruel and Unusual Punishment.

46.    Defendant Dr. Samuel Byrd was deliberately indifferent to Dunn serious medical needs during the timeframes relevant to the instant complaint by minimizing and/or ignoring

Dunn complaints of symptoms from when he consumed soy containing foods. Moreover, Defendant Byrd left Dunn in severe pain / discomfort, by denying him a soy-free diet for his serious medical need, which greatly affected Dunn life. This constitutes illegal punishment, intentional, wanton, and malicious conduct, and is indicative of this Defendants' total disregard of and deliberate indifference to the Constitutional rights of Dunn, violating the Eighth Amendment rights of Dunn to be free from Cruel and Unusual Punishment.

## CLAIM II

### *MONELL* ALLEGATIONS

47.     Defendant Centurion appears to have some sort of custom, practice, or policy whereby they refuse to give appropriate medically necessary diets [no soy diets to inmates with a soy intolerance] to incarcerated offenders [including Dunn] at Wabash in order to save money for their client [IDOC] and to save money for Centurion itself and work for Centurion employees, which denies Dunn, and all incarcerated offenders at Wabash treatment for their serious medical needs. This resulted in pain and injury to Dunn, and others incarcerated at Wabash. This includes the delay and/or outright refusal to provide Dunn and other inmates at Wabash with partial dentures or full dentures.

48.     Defendant Centurion repeated disregarding of Dunn [and other inmates] symptoms and complaints to save money for its client [IDOC] and to save money for Centurion itself and work for Centurion employees and shows that this Defendant is in violation of *Monell v. City of New York Department of Social Services*, 436 U.S. 658, 690-691 [1978].The above custom, practice, policies, pattern, affected Dunn health and well-being. Further, the denial of adequate medical treatment for Dunn caused him pain and suffering.

14

## CLAIM III

## EMOTIONAL DISTRESS

49.    Dunn reiterates and incorporates by reference each and every allegation heretofore set forth.

50.    As a result of the Defendants' egregious conduct resulting in needless pain / injury to Dunn that greatly affected his life, and these Defendants' violation of Dunn right to adequate medical care for a serious medical need, Dunn suffered pain, mental and psychological suffering, as well as emotional distress from their actions, Dunn should also be entitled to attorney fees in this matter [if appropriate] as well as punitive damages, for this emotional distress as a result of the Defendants' wanton and willful disregard for Dunn health and wellbeing.

## VII.    **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff Robert Dunn respectfully prays that this Court afford the following relief:

(a)    Declare that the acts of denials of the Defendants described herein violated Dunn rights under the Constitution and Laws of the United States, and under the Indiana Constitution

(b)    Enter an order for injunctive relief with the goal of securing the health and reasonable medical needs of Dunn in the future if and when he is housed at the Wabash Valley Correctional Facility or any Indiana department of Correction Facility, by ordering these Defendants to maintain proper medical and dental care for Dunn.

(c)    Enter an order awarding compensatory damages in favor of Dunn in the amount of $100,000 against each Defendant, jointly and severally, to make Dunn whole, including the costs of this action and related fees, as allowed by law, against each defendant. And an additional award of damages in the amount of $100,000 total combined for Dunn, against the Defendants, in punitive damages, special damages [including emotional distress] and based on the *Monell* claim in this action to deter this conduct by the Defendants in the future.

(d)    Order a schedule to establish dates for the completion of discovery and other pre-trial procedures, including a date set for jury trial requested by Dunn.

(e)  Enter an order granting Dunn, Declaratory Judgment as to some of the claims in this action.

(f)  Order any such additional relief as this Court may deem just and proper.

Respectfully Submitted,

Robert Dunn, *pro se*
Wabash Valley Correctional Facility
P.O. Box-1111
Carlisle, Indiana, 47838

## **VERIFICATION**

I, Robert Dunn, hereby verify under the penalties of perjury, that the facts, dates, and contents of the foregoing *PLAINTIFF'S COMPLAINT UNDER 42 U.S.C. § 1983*, and attached documents are authentic, true, and correct to the best of my knowledge, sworn this 29Th day of Janaury 2024.

Robert Dunn
Plaintiff, *pro se*